IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**STEVEN L. REID,**

       **Plaintiff,**

v.

**MICHAEL J. ASTRUE,**
**Commissioner of Social**
**Security,**

       **Defendant.**

08-CV-970-BR

OPINION AND ORDER

**TIM WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR  97045
(503) 632-1120

       Attorney for Plaintiff

**KENT ROBINSON**
Acting United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**KATHRYN ANN MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

      Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Steven L. Reid seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act for the period before March 28, 2005.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

    Plaintiff filed his applications for SSI and DIB on October 4, 1999, and alleged a disability onset date of July 1,

2 - OPINION AND ORDER

1994.  Tr. 83-86, 600-602.[1]  The applications were denied initially and on reconsideration.  Tr. 10-12.  An Administrative Law Judge (ALJ) held a hearing on April 5, 2002, and continued the hearing on April 11, 2002.  At the hearings, Plaintiff was represented by an attorney.  Plaintiff, his mother, a medical expert, and a vocational expert (VE) testified.  Tr. 617-710, 777-868.

The ALJ issued a decision on May 1, 2002, in which he found Plaintiff was not entitled to benefits.  Tr. 27-40.  That decision became the final decision of the Commissioner on March 29, 2004, when the Appeals Council denied Plaintiff's request for review.  Tr. 772-74.

Plaintiff appealed the decision of the Commissioner to this Court.  On June 29, 2005, Judge Ann Aiken issued an Opinion and Order in which she found the ALJ erred because he (1) failed to apply the sequential evaluation without regard to Plaintiff's alcohol abuse; (2) failed to provide legally sufficient reasons supported by the record for rejecting the opinion of John Finney, Ph.D.; and (3) failed to "question[] the vocational expert with respect to any inconsistency with DOT classifications."  Judge Aiken remanded the matter to the Commissioner to "evaluate of [*sic*] plaintiff's psychological impairments and the relevant

---

[1] Citations to the official transcript of record filed by the Commissioner on February 10, 2009, are referred to as "Tr."

3 - OPINION AND ORDER

evidence of record without regard to his alcohol abuse, and if plaintiff is deemed disabled, determine whether such abuse is a contributing factor material to his disability."

On remand, the ALJ conducted a new hearing on September 12, 2006, at which Plaintiff and a medical expert testified. The ALJ issued a decision on March 8, 2007, in which he found Plaintiff was not disabled before March 28, 2005, and, therefore, not entitled to benefits before that date. After March 28, 2005, however, there were "no jobs existing in significant numbers [that Plaintiff] could perform in light of his additional limitations that developed at that time," and, therefore, the ALJ found Plaintiff is entitled to benefits after March 28, 2005. Tr. 752. The ALJ's decision became the final decision of the Commissioner on June 19, 2008, when the Appeals Council denied Plaintiff's request for review. Tr. 711-14.

## BACKGROUND

Plaintiff was born on May 22, 1957; was 44 years old at the time of the first hearings; and was 49 years old at the time of the second hearing. Tr. 52. Plaintiff completed eleventh grade. Tr. 28. Plaintiff has past relevant work experience as a mechanic, heavy-equipment operator, pipe layer, and construction laborer. Tr. 28.

Plaintiff alleges disability due to back, shoulder, and leg

4 - OPINION AND ORDER

problems as well as "psychological problems."  Tr. 28.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  Plaintiff, however, contends the ALJ erred in his analysis as to whether Plaintiff was disabled before March 28, 2005, when the ALJ, among other things (1) improperly rejected the opinion Dr. Finney and (2) posed an insufficient hypothetical to the VE.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 735-41.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.

5 - OPINION AND ORDER

42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

6 - OPINION AND ORDER

2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

7 - OPINION AND ORDER

regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The

Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**II.  Evaluation of Drug and Alcohol Abuse**.

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J). *See also Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). Substance abuse is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol. 20 C.F.R. §§ 404.1535(b), 416.935(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). *See also* 20 C.F.R. § 404.1535(a). To assess the materiality of drug or alcohol abuse,

> an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits . . . . If the ALJ finds that the claimant is disabled and there is medical evidence of [his or her] drug addiction or alcoholism then the ALJ should proceed under § 404.1535 or 416.935 to determine if the claimant would still [be found] disabled if [he or she] stopped using alcohol or drugs.

9 - OPINION AND ORDER

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling."  20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2).  *See also Bustamante*, 262 F.3d at 955.

In such materiality determinations, the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to the disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

### **ALJ'S FINDINGS**

On remand the ALJ applied the sequential evaluation without regard to Plaintiff's alcohol abuse as directed by Judge Aiken and concluded as follows:

At Step One, the ALJ "assumed . . . [Plaintiff's] construction work activities with reported earnings in 1996 were unsuccessful work attempts.  No conclusions are made regarding other work activity after his alleged disability onset date."  Tr. 751.

At Step Two, the ALJ found Plaintiff has severe impairments

10 - OPINION AND ORDER

of drug and alcohol abuse, degenerative disc disease of the lumbar spine, limitations post-surgery on his right shoulder and ankle, depression, anxiety, and a personality disorder.  Tr. 746, 751.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments meet or equal the criteria for § 12.09 of 20 C.F.R. part 404, subpart P, appendix 1.  Nevertheless, the ALJ also found Plaintiff's "patterns of substance abuse are found to materially contribute to that finding" and "[o]therwise [Plaintiff's] impairments . . . do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation Number 4."  Tr. 751.  The ALJ found Plaintiff had the RFC to perform a reduced range of light and sedentary work before March 28, 2005.  The ALJ also found Plaintiff is precluded from doing repetitive overhead work, extreme repetitive twisting, and repeated climbing.  In addition, the ALJ found Plaintiff is limited to simple repetitive tasks; to "sporadic" contact with the public, co-workers, and supervisors; and limited to less than sedentary work.  The ALJ concluded Plaintiff was unable to perform any regular or sustained employment after March 28, 2005.  Tr. 752.

At Step Four, the ALJ found Plaintiff is not capable of performing his past relevant work.  Tr. 752.

At Step Five, the ALJ found Plaintiff could perform jobs

11 - OPINION AND ORDER

that existed in significant numbers in the national economy before March 28, 2005, but he could not perform any jobs that exist in significant numbers in the national economy after March 28, 2005. Accordingly, the ALJ found Plaintiff is disabled as of March 28, 2005.

## DISCUSSION

As noted, Plaintiff contends the ALJ erred when he found Plaintiff was not disabled before March 28, 2005 because, among other things, the ALJ (1) improperly rejected the opinion of Dr. Finney and (2) posed an insufficient hypothetical to the VE.

**I.    The ALJ improperly rejected Dr. Finney's opinion.**

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester*, 81 F.3d at 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a

12 - OPINION AND ORDER

nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

Plaintiff asserts the ALJ improperly rejected Dr. Finney's opinion that Plaintiff was "severely occupationally impaired." Tr. 291-92. Dr. Finney opined Plaintiff had little capacity to maintain attention for two hours, to maintain regular and punctual attendance, to work in coordination with and in close proximity to others, to perform at a consistent pace, to accept instructions and to respond appropriately to instructions from a supervisor, to interact appropriately with the general public, or to adhere to basic standards of neatness and cleanliness. Tr. 35, 287-93. Dr. Finney also opined Plaintiff's mental impairments would cause him to be absent from work more than three times per month.

In her Opinion and Order remanding the matter, Judge Aiken concluded "the ALJ cannot reject Dr. Finney's opinion in favor of

13 - OPINION AND ORDER

the conclusion of the non-examining medical expert, Dr. Morrell, absent additional contradictory evidence in the record." Tr. 881.  On remand, however, the ALJ did not identify evidence of any additional treating or examining physician's opinion that contradicted Dr. Finney's opinion.  The ALJ relied on his earlier analysis and noted Dr. Finney's opinion "does not illuminate the extent to which [Plaintiff's] patterns of alcohol abuse materially contribute to [his finding of disability]."  Tr. 741.  Thus, the ALJ's analysis on remand does not constitute "specific, legitimate reasons" based on substantial evidence in the record to reject Dr. Finney's opinion.  Accordingly, the Court concludes the ALJ improperly rejected Dr. Finney's opinion.

**II.   The ALJ erred when he did not pose a sufficient hypothetical to the VE.**

At Step Five, the Commissioner must show the claimant can do other work that exists in the national economy.  *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all the limitations of the claimant.  *Id.*  The hypothetical posed to a VE must only include those limitations supported by substantial evidence in the record.  *Robbins v. Soc. Sec. Admin.* 466 F.3d 883, 866 (9th Cir. 2006).

Plaintiff contends the ALJ did not pose a sufficient hypothetical to the VE because the ALJ failed to include

14 - OPINION AND ORDER

Plaintiff's limitations as assessed by Dr. Finney. Because the Court has concluded the ALJ improperly rejected Dr. Finney's opinion, the Court further concludes the ALJ erred when he failed to include in the hypothetical posed to the VE the limitations of Plaintiff as assessed by Dr. Finney.

### REMAND

Generally the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the Court. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). *See also Smolen*, 80 F.3d at 1292. The Ninth Circuit, however, has established a limited exception to this general rule. *Id.* Under the limited exception, the Court must grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See id.* at 1178 n.2.

The Court has determined the ALJ erred when he failed to provide specific and legitimate reasons for rejecting the opinion

15 - OPINION AND ORDER

of Dr. Finney.  After giving this evidence the effect required by law, the Court finds Plaintiff cannot work on a regular and continuing basis and, therefore, is disabled.  *See* 20 C.F.R. §§ 404.1545(b), 416.945(b)(RFC is ability to work on "regular and continuing basis").  *See also* SSR 96-8p ("regular and continuing basis" is "8 hours a day, for 5 days a week, or an equivalent work schedule").  The Court, therefore, concludes this matter should not be remanded for further proceedings.  *See Schneider v. Comm'r*, 223 F.3d 968 (9th Cir. 2000).  *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).

Accordingly, the Court remands this matter for the immediate calculation and award of benefits.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

Section 406(b) of the Social Security Act "controls fees for representation [of Social Security claimants] in court."

16 - OPINION AND ORDER

*Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)(citing 20 C.F.R. § 404.1728(a)).  Under 42 U.S.C. § 406(b), "a court may allow 'a reasonable [attorneys'] fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant."  *Id*. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)).  Because § 406(b) does not provide a time limit for filing applications for attorneys' fees and Federal Rule 54(d)(2)(B) is not practical in the context of Social Security sentence-four remands, Federal Rule of Civil Procedure 60(b)(6) governs.  *Massett v. Astrue*, 04-CV-1006 (Brown, J.)(issued June 30, 2008).  *See also McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  To ensure that any future application for attorneys' fees under 42 U.S.C. 406(b) is filed "within a reasonable time" as required under Rule 60(b)(6), the Court orders as follows:  If Plaintiff intends to submit an application for attorneys' fees under § 406(b), Plaintiff shall submit such application within 60 days from receipt of the Notice of Award by the Commissioner.

    IT IS SO ORDERED.

    DATED this 2nd day of November, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER