FILED'10 APR 15 14:33USDC-ORP

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

**STEVEN L. REID,**

**Plaintiff,**

**v.**

**MICHAEL J. ASTRUE, Commissioner of Social Security,**

**Defendant.**

**08-CV-970-BR**

**OPINION AND ORDER**

**TIM WILBORN**
Wilborn Law Office, P.C.
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

Attorney for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**KATHRYN ANN MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2240

Attorneys for Defendant

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Application (#26) for Fees in which he seeks attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

For the reasons that follow, the Court **GRANTS** Plaintiff's request for **$9,356.48** in attorneys' fees pursuant to the EAJA.

## BACKGROUND

Plaintiff filed his applications for SSI and DIB on October 4, 1999, and alleged a disability onset date of July 1, 1994. The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 5, 2002, and continued the hearing on April 11, 2002.

The ALJ issued an opinion on May 1, 2002, in which he found Plaintiff was not entitled to benefits. That opinion became the

final decision of the Commissioner on March 29, 2004, when the Appeals Council denied Plaintiff's request for review.

Plaintiff appealed the decision of the Commissioner to this Court. On June 29, 2005, Judge Ann Aiken issued an opinion and Order in which she found the ALJ erred on the ground that, among other things, he improperly rejected the opinion of John Finney, Ph.D., "in favor of the conclusion of the non-examining medical expert, Dr. Morrell, absent additional contradictory evidence in the record." Judge Aiken remanded the matter to the Commissioner to evaluate "plaintiff's psychological impairments and the relevant evidence of record without regard to his alcohol abuse, and if plaintiff is deemed disabled, determine whether such abuse is a contributing factor material to his disability."

On October 4, 2005, Judge Aiken issued an Order awarding attorneys' fees to Plaintiff under the EAJA pursuant to a stipulation by the parties.

On remand the ALJ conducted a new hearing on September 12, 2006. The ALJ issued an opinion on March 8, 2007, in which he found Plaintiff was not disabled before March 28, 2005, and, therefore, was not entitled to benefits before that date. After March 28, 2005, however, there were "no jobs existing in significant numbers [that Plaintiff] could perform in light of his additional limitations that developed at that time." Accordingly, the ALJ found Plaintiff was entitled to benefits

after March 28, 2005. The ALJ's opinion became the final decision of the Commissioner on June 19, 2008, when the Appeals Council denied Plaintiff's request for review.

On February 1, 2010, Plaintiff filed his Application for attorneys' fees pursuant to the EAJA.

**STANDARDS**

Under the EAJA, the Court may award attorneys' fees and costs to a plaintiff's attorney in an action against the United States or any agency or official of the United States if (1) the plaintiff is the prevailing party, (2) the government has not met its burden to show that its positions during the case were substantially justified or that special circumstances make such an award unjust, and (3) the requested attorneys' fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

A "prevailing party" is one who has been awarded relief by the court on the merits of at least some of his claims. *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001) (internal citation omitted).

A prevailing plaintiff is not entitled to attorneys' fees under the EAJA when the Commissioner's positions were substantially justified. *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). The Commissioner's positions are substantially justified if they are reasonably based both in law and fact. *Id.* (citing *Pierce v. Underwood*, 487 US. 552, 566 n.2 (1988)). The Commissioner's failure to prevail on the merits of his positions does not raise a presumption of unreasonableness. *United States v. Marolf*, 277 F.3d 1156, 1162 (9th Cir. 2002)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). In opposing a plaintiff's fee request, the Commissioner bears the burden to establish that his positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also U.S. v. Real Prop. at 2659 Roundhill Drive, Alamo, Ca.*, 283 F.3d 1146, 1151 (9th Cir. 2002). To prevail in this Court, therefore, the Commissioner must establish his positions in opposition to Plaintiff's efforts to obtain Social Security benefits both in the proceedings before this Court and in the underlying administrative action were substantially justified. *See Lewis*, 281 F.3d at 1085-86.

## DISCUSSION

Plaintiff seeks an award of attorneys' fees totaling $9,356.48, which includes Plaintiff's attorneys' fees for

pursuing the present Motion. Plaintiff contends the Commissioner's basis for opposing Plaintiff's application for Social Security benefits at the administrative and district-court level was not substantially justified.

In his Response to Plaintiff's application for attorneys' fees, the Commissioner does not dispute Plaintiff is the prevailing party. The Commissioner, however, maintains his position in opposition to Plaintiff's application for Social Security benefits was substantially justified, and, therefore, Plaintiff is not entitled to attorneys' fees pursuant to the EAJA. *See Lewis*, 281 F.3d at 1083. The Commissioner also asserts the amount of fees requested by Plaintiff is excessive.

**I. The Commissioner's position was not substantially justified.**

The Commissioner asserts he was substantially justified "in defending the ALJ's analysis notwithstanding the intervening remand in this case" because

> the Commissioner took the position that while the ALJ on remand incorporated by reference his prior reasoning with regard to medical source opinions, the ALJ provided an additional, independent reason for giving less weight to Dr. Finney's opinion by stating that the "probative value of all medical source opinions is diminished" by the unreliability of Plaintiff's testimony and other statements of record. Tr. 745.
>
> Although this Court did not agree, the Commissioner's litigation position had a reasonable basis in both fact and law. *Pierce*, 487 U.S. at 565. This is because a physician's assessment, like Dr. Finney's assessment, that essentially reflects a Plaintiff's reports may be

> rejected by the ALJ's adverse credibility determination.

Comm'r Resp. at 6. The Commissioner, however, does not address the ALJ's failure to identify "evidence of any additional treating or examining physician's opinion that contradicted Dr. Finney's opinion." The additional evidence relied on by the ALJ when he rejected Dr. Finney's opinion consisted of a single sentence: "[T]he probative value of all medical source opinions is diminished" by Plaintiff's lack of credibility. It is clear that the ALJ did not comply with Judge Aiken's directive to identify additional treating or examining physicians' opinions. The Court, therefore, concludes the Commissioner was not substantially justified in defending the ALJ's analysis. Accordingly, Plaintiff is entitled to EAJA fees as the prevailing party in this matter.

**II. The amount of attorneys' fees Plaintiff seeks is not excessive.**

Plaintiff seeks 6.3 hours at an hourly rate of $172.85 for work performed in 2008 and 48 hours at an hourly rate of $172.24 for work performed in 2009. The Commissioner does not object to these hourly rates, and the Court notes the rates are within the statutory cap on hourly rates provided for under the EAJA.

The Commissioner, however, objects to Plaintiff's request for 54.30 hours for briefing in the district court on the ground that it is an unreasonable amount of time for a "routine

disability case at the district court level." The Commissioner, however, does not identify any specific entries that constitute excessive time nor does the Commissioner suggest an amount of time that would have been reasonable for Plaintiff's counsel to spend on this matter. Instead the Commissioner relies on *Chandler v. Secretary of HHS*, 792 F.2d 70, 73 (6th Cir. 1986), to support his contention that Plaintiff's stated time is excessive. In *Chandler* the plaintiff's attorney submitted a request seeking fees for 100.46 hours of work. The district court eliminated 60.25 hours as excessive. The Sixth Circuit, however, determined some of the reductions made by the district court were arbitrary and remanded the matter to the district court for further proceedings. *Id.* at 73.

The Court notes even though 54.30 hours is higher than the number of hours allowed in *Chandler*, other courts have concluded a similar number of hours is reasonable. *See Johnson v. Astrue*, No. 07-CV-2387, 2008 WL 3984599, at *2 (N.D. Cal. Aug. 27, 2008)(57 hours reasonable). *See also Wirth v. Barnhart*, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004)(61.1 hours reasonable). Here the record was over 1200 pages and included transcripts from two hearings, medical evidence back to 1994, and material from the Appeals Council remand. Plaintiff's opening brief was 25 pages, including a factual summary of almost seven pages. In addition, the efforts of Plaintiff's attorney produced a

beneficial final result for Plaintiff in the form of a remand for the immediate calculation and award of benefits. The Court, therefore, concludes in light of the length and density of the factual record in this matter and the successful efforts by Plaintiff's attorney on behalf of Plaintiff that a reduction in the number of hours is not warranted.

Accordingly, the Court finds the 54.30 total hours expended by Plaintiff's attorney on behalf of Plaintiff is reasonable. The Court, therefore, awards Plaintiff a total of $9,356.48 in EAJA fees.

**CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Application (#26) for Fees Pursuant to the Equal Access to Justice Act and awards Plaintiff **$9,356.48** in attorneys' fees.

IT IS SO ORDERED.

DATED this 14th day of April, 2010.

ANNA J. BROWN
United States District